IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARK J. BYRNS,

      Plaintiff,

vs.                                            CIVIL NO. 03-178 RLP/WDS

ONESOURCE ENERGY SERVICES, INC.,
a/k/a ONESOURCE FACILITY SERVICES, INC.,

      Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER having come before the Court on Plaintiff's Motion to Remand **(Docket No. 6)**, the Court having read the motion, the memoranda in support of and in opposition to the motion and otherwise being fully advised, finds that the motion is not well taken and will be **DENIED.**

Plaintiff originally filed this action in the Second Judicial District Court on January 7, 2003. The complaint outlines causes of action for employment discrimination, wrongful discharge, and emotional distress damages stemming from Defendant's alleged retaliation and termination of Plaintiff on March 8, 2002. The complaint requests compensatory damages including back and front pay, lost employment benefits, emotional distress damages, punitive damages and pre- and post-judgment interest.

The action was timely removed to this Court on the basis of diversity of citizenship. The issue before the Court is whether the minimum amount in controversy required by U.S.C. § 1332 has been met.

The Court must first look to the complaint in analyzing whether the complaint meets the amount in controversy standard. *Laughlin v. K-Mart Corp.,* 50 F.3d 871, 873 (10th Cir. 1995). Removability is ordinarily determined as of the date that the notice of removal is filed. *Pullman v. Jenkins,* 305 U.S. 534, 537 (1939). The complaint sets forth numerous requested remedies without setting forth a specific amount. However, Defendant's removal pleadings clearly establish that the amount in controversy minimum has been met. Defendant has calculated Plaintiff's request for back pay ($87,000), emotional distress damages (estimated to be $87,000) and punitive damages (a single digit multiple of the above) that clearly exceeds the $75,000 minimum.

The relevant time to evaluate the amount in controversy is at the beginning of the case. The complaint and the notice of removal are necessarily relied upon to initially determine the amount in controversy. *Bowman v. Iowa State Travelers Mut. Assur. Co.,* 449 F.Supp. 60, 62 (E.D. Ok. 1978). Courts should not try and anticipate defenses such as mitigation of damages in evaluating whether a party has established the minimum amount in controversy. This is a threshold question to be determined from the pleadings that establish the claim(s). Plaintiff has not shown to a legal certainty that recovery cannot exceed the jurisdictional amount. Memorandum Opinion and Order, *Aly v. Rocky Mountain Holding, L.L.C.,* Civ. No. 96-1481 JC/DJS slip opinion at 2 (D. N.M. December 10, 1996).

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Remand is DENIED.

**IT IS SO ORDERED.**

_____
RICHARD L. PUGLISI
United States Magistrate Judge

Ripley B. Harwood, Esquire - Attorney for Plaintiff
Thomas L. Stahl, Esquire - Attorney for Defendfant