IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MARK J. BYRNS,

      Plaintiff,

v.                                                          Civ. No. 03-178 RLP/WDS

ONESOURCE ENERGY SERVICES,

      Defendant.

MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the court on Plaintiff's Second Motion to Remand and Incorporated Memorandum in Support [Doc. 19]. Plaintiff originally filed this case in state court, alleging retaliatory discharge, awards of front and back pay, punitive damages, and negligent infliction of emotional distress. Defendant removed to this court based on diversity of citizenship, 28 U.S.C. §§ 1332 and 1441. Plaintiff requested remand, which request was denied by this court. *See* Memorandum Opinion and Order [Doc. 13]. The court relied on Defendant's estimation of the amount in controversy which was in excess of the $75,000 jurisdictional amount.

On June 3, 2003 Defendant filed its Motion for Summary Judgment and Judgment on the Pleadings [Doc. 23]. The Motion argued, *inter alia*, that Plaintiff's claim of retaliatory discharge was barred under the New Mexico State Supreme Court's decision in *Silva v. American Federation of State, County and Municipal Employees*, 37 P.3d 81 (N.M. 2001). That case held there was no cause of action for an employee who is not at-will; *i.e.*, one that can be dismissed without cause. Because Plaintiff is a member of a union and can only be discharged for cause, *Silva* therefore bars his claim of retaliatory discharge.

Plaintiff sought an extension of time to respond to Defendant's Motion and filed his Second Motion for remand, conceding that *Silva* was an absolute bar.  He argued that the case was now below the required $75,000 thus depriving this court of subject matter jurisdiction.

The court notes at the outset that when a plaintiff files a case in state court and that case is removed by the defendant, the burden of showing that the amount in controversy meets the jurisdictional amount rests on the removing party.  *Laughlin v. K-Mart Corp.*, 50 F.3d 871, 873 (10th Cir.), *cert. denied*, 516 U.S. 863 (1995).  "[T]here is a presumption against removal jurisdiction."  *Id.*  It is true, as Defendant argues, that events subsequent to the filing of the complaint cannot divest the court of jurisdiction.  However, as one court has noted,

> "[a] distinction must be made . . . between subsequent events that change the amount in controversy and subsequent revelations that, in fact, the required amount was or was not in controversy at the commencement of the action. . . ."

*Meritcare Inc. v. St. Paul Mercury Ins. Co.*, 166 F.3d 214, 217 (3d Cir. 1999) (citation omitted).  *Accord* 15 James W. Moore *et al.*, *Moore's Federal Practice* ¶ 102.104[3], at 102-167 (3d ed. 1998); 14B C. A. Wright, A.R. Miller, E. H. Cooper, *Federal Practice and Procedure*, § 3702 at 71 & n.50 (3d ed. 1998).

When Plaintiff's claim of retaliatory discharge is deleted from the equation, it is difficult to see, from the evidence presented by Defendant,  how the jurisdictional amount of $75,000 can be met.   In the Notice of Removal, Defendant argued that the retaliatory discharge claim was worth in excess of $87,000 and it "reasonably assumed" that the other compensatory and punitive damage claims would equal or exceed that amount.  From the face of the Complaint it appears that punitive damages were only sought with regard to the

discharge claim and not for the negligent infliction of emotional distress claim.  *See* Complaint, ¶ 26.  Defendant has failed to meet is burden that the remaining claim would meet or exceed $75,000 by providing the court with the underlying facts necessary to establish that amount.  *See Laughlin*, 50 F.3d at 873.

Finally, Defendant's argument that Plaintiff's claims are preempted § 301 of the Labor Management Relations Act, thus conferring federal jurisdiction on this court, is not well taken.  "[A] federal defense, including the defense of pre-emption . . . does not cause the plaintiff's claim to arise under federal law."  *Hurt v. Dow Chemical Co.*, 963 F.2d 1142, 1144 (8th Cir. 1992) (quoting *Franchise Tax Board of California v. Construction Laborers Vacation Trust*, 463 U.S. 1, 14 (1983)) (internal quotation marks omitted).

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Plaintiff's Second Motion to Remand and Incorporated Memorandum in Support [Doc. 19] is **granted** and the case is to be remanded to the Second Judicial District, Bernalillo County, New Mexico.

IT IS SO ORDERED.

Richard L. Puglisi
United States Magistrate Judge
Sitting by designation

FOR THE PLAINTIFF:      Ripley B. Harwood, Esq.

FOR THE DEFENDANT:    Thomas L. Stahl, Esq.